Tatuór, Chief-Justice.
 

 The question in this case is, whether the sureties for
 
 G. G. Witherspoon,
 
 late Sheriff of 'Wilkes, are liable for the taxes of 1820, by virtue of their bond. It appears from the record, that
 
 Witherspoon
 
 was elected Shcriff.at April session 1821, and that the bond is conditioned for the taxes therein specified, for the year 1821. To make the sureties responsible for any other taxes than those, would be going beyond the bond. But the taxes laid in 1821, were collectable only in 1822, with the exception of the case where persons were about to remove, to avoid the tax; before that period the Sheriff for 1821, had no power to act in that, respect, and when that time arrived, he had resigned the office, as he is permitted to do by law.-— “The respective Sheriffs are to proceed, after the first day of April, iu each and every year, to collect the taxes.”
 
 {Set of
 
 1819,
 
 Rev. eh,
 
 999.) Under the true construction of this act, the right to collect the taxes does not attach in the Sheriff unless he remain in office, after the first day of April, nor consequently can responsibility attach to bis sureties. The consequence of a different construction would be, to make two different sets of securities liable for the taxes of 1820, viz. the sureties of
 
 Thomas Witherspoon,
 
 who was Sheriff for that year, and who remained in office until after the first, of April 1821, and to whom the tax bills were then delivered, and the present Defendants, tin1 sureties of
 
 G. G. Witherspoon.
 
 By thus remaining in office, until the right to collect began,
 
 Thomas Witherspoon
 
 was bound to settle, with the Comptroller in October 1821, and although out of office,
 
 *453
 
 is invested witi) various powrrs to enforce the collection of taxes.
 
 (Acts of
 
 1801,
 
 ch.
 
 570—1814,
 
 ch.
 
 872—1819,
 
 ch.
 
 999).
 

 Tin* County Court entertained a correct opinion of the orderly mode of proceeding, for they directed the tax bills to be delivered to the successor of
 
 G. G. Witherspoon.
 
 because lie was in oilier when the tax became collectable ; and ¡he bills of 1820, were delivered to
 
 Thomas Witherspoon,
 
 becauseV; «as in office in 1821.
 

 The act of 1819 can only mean, (hat the Sheri IT then in office shall proceed lo coilect the taxes $ not any one, who had been Sheriff during the preceding' year
 
 ;
 
 for then if there liad been see era!, which shall be selected? By confining it to this period, much confusion is avoided $ and though the Sheriff should not be re-elected, or should resign immediately after his election, he may proceed nevertheless to collict the taxes, that the public may be secured, and his sureties indemnified. I am therefore of opinion that the judgment appealed from was correct.
 

 Per CuiuAM.-^-Judgment affirmed.